

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. Commodity Futures Trading Commission,

                 Plaintiff,

           v.

Supama International DMCC,
Naresh Kumar Jain,
Aaristo Commodities and Futures DMCC,
Kanta Nath Jain, and
Hainke & Anderson Trading LLC,
                 Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## JUDGE HOLWELL

**COMPLAINT FOR INJUNCTIVE
AND OTHER EQUITABLE RELIEF
AND PENALTIES UNDER THE
COMMODITY EXCHANGE ACT AS
AMENDED, 7 U.S.C. §§ 1-25**

## 07 CV 2770

## I.    SUMMARY

The U.S. Commodity Futures Trading Commission ("Commission" or "CFTC"), by and through its attorneys, alleges as follows:

1.    Supama International DMCC, Naresh Kumar Jain, Aaristo Commodities and Futures DMCC, Kanta Nath Jain, and Hainke & Anderson Trading LLC (collectively "Defendants") engaged in a series of illegal commodity futures transactions on New York Mercantile Exchange ("NYMEX") and Commodity Exchange ("COMEX") markets involving back-month, illiquid contracts fast-matched at off-the-market prices during an unusual time of day.

2.    With this conduct, Defendants violated section 4c(a) of the Commodity Exchange Act ("Act"), 7 U.S.C. 6c(a) (2002), by entering into a transaction that is of the character of or is commonly known to the trade as, a 'wash sale' or 'accommodation trade' or is a fictitious sale involving the purchase or sale of a commodity for future delivery which transaction was used or may have been used to hedge any transaction in interstate commerce in the commodity or the

product or byproduct of the commodity; or to determine the price basis of any such transaction in interstate commerce in the commodity; or to deliver any such commodity sold, shipped, or received in interstate commerce for the execution of the transaction.

3.      With this conduct, Defendants further violated Commission Regulation 1.38(a), 17 C.F.R. § 1.38(a) (2006), by entering into illegal noncompetitive transactions to buy and sell futures contracts.

## II.      JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

5.      Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2002), in that Defendants are found in, inhabit, or transact business in this District, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district, among other places.

## III.      PARTIES

6.      Plaintiff, United States Commodity Futures Trading Commission, is an independent federal regulatory agency that is charged with responsibility for administering and enforcing the provisions of the Act, 7 U.S.C. §§ 1 *et seq.* (2002), and the Regulations promulgated thereunder, 17 C.F.R. §§ 1 *et seq.* (2006).

7.      Supama International DMCC ("Supama") is a United Arab Emirates corporation with offices located at 104, 113-226, Al Shamal, Dubai, United Arab Emirates 46351.  Upon

information and belief, Rajesh Kothari and Kezan Kothari are Directors and Mukesh Kothari is Vice President of Supama.

8.     Naresh Kumar Jain ("Naresh") is an Indian national residing in Dubai, United Arab Emirates.  Upon information and belief, Naresh owns a United Arab Emirates entity named Kumar Trading Co. LLC, which has the same address as the employer of Kanta Nath Jain, Jayna Trading Co. LLC.

9.     Aaristo Commodities and Futures DMCC ("Aaristo") is a United Arab Emirates corporation with offices located at Office Number 207, Second Floor, Plot number 113-319, Al Sabkhar, Al Dhagaya, Deira, Dubai, United Arab Emirates.  Upon information and belief, Govind Kumar is a Director of Aaristo.

10.    Kanta Nath Jain ("Kanta") is an Indian national residing in Dubai, United Arab Emirates.  Upon information and belief, Kanta is Managing Director of Jayna Trading Co. LLC located in Dubai, United Arab Emirates.

11.    Hainke & Anderson Trading LLC ("Hainke") is a United Arab Emirates entity with offices located in Dubai, United Arab Emirates.  Upon information and belief, Pankaj Jain is Managing Director of Hainke.

## IV.    FACTS

12.    On several trading days in March and April 2007, Defendants engaged in a series of copper, gold, crude oil, and natural gas futures transactions offered by NYMEX on the Chicago Mercantile Exchange Globex electronic trading platform ("Globex") whereby they traded in illiquid, distant contracts opposite one another at off-market prices so that the effect was no net change in open positions of the Defendants but a resulting profit to one Defendant and a loss to another Defendant – a money pass among Defendants' accounts.

3

13.     Specifically, on at least three trading days in March 2007, Supama and Naresh engaged in a series of futures transactions offered by NYMEX on Globex whereby Supama repeatedly traded opposite Naresh, resulting in $164,680 in profits to Supama's accounts and the same amount of losses to Naresh's accounts.

14.     Supama and Naresh engaged in the following pattern of trading activity repeatedly: Supama bought commodity futures contracts at low prices from Naresh and immediately sold them back to Naresh at higher prices.

15.     In each series of offsetting transactions, Supama profited and Naresh incurred a loss with no change in open positions held by Supama and Naresh.

16.     Over the course of these trading days, Supama profited by approximately $164,680, and Naresh lost approximately $164,680.

17.     Further, on at least six trading days in March and April 2007, Aaristo and Hainke engaged in a series of futures transactions offered by NYMEX on Globex whereby Aaristo repeatedly traded opposite Hainke, resulting in $138,440 in profits to Aaristo's accounts and the same amount of losses to Hainke's accounts with no change in open positions held by Aaristo and Hainke.

18.     Aaristo and Hainke engaged in the following pattern of trading activity repeatedly: Aaristo bought commodity futures contracts at low prices from Hainke and immediately sold them back to Hainke at higher prices.

19.     In each series of offsetting transactions, Aaristo profited and Hainke incurred a loss with no change in open positions held by Aaristo and Hainke.

20.     Over the course of these trading days, Aaristo profited by approximately $138,440 and Hainke lost approximately $138,440.

21.     Moreover, on at least one trading day in March 2007, Aaristo and Kanta engaged in a series of futures transactions offered by NYMEX on Globex whereby Aaristo repeatedly traded opposite Kanta, resulting in $58,925 in profits to Aaristo's accounts and the same amount of losses to Kanta's accounts with no change in open positions held by Aaristo and Kanta.

22.     Aaristo and Kanta engaged in the following pattern of trading activity repeatedly: Aaristo bought commodity futures contracts at low prices from Kanta and immediately sold them back to Kanta at higher prices.

23.     In each series of offsetting transactions, Aaristo profited and Kanta incurred losses with no change in open positions held by Aaristo and Kanta.

24.     Over the course of these trading days, Aaristo profited by approximately $58,925, and Kanta lost approximately $58,925.

25.     Defendants did not execute these transactions in accordance with the written rules of NYMEX.

26.     The transactions described herein involved back-month, illiquid contracts fast-matched at off-the-market prices during an unusual time of day and resulted in the transfer of hundreds of thousands of dollars among the Defendants' trading accounts with no ultimate change in their trading positions.

## V.     VIOLATIONS OF THE COMMODITY EXCHANGE ACT AND COMMISSION REGULATIONS

### COUNT I - Violations by Defendants of Section 4c(a) of the Act

27.     Paragraphs 1 through 26 are re-alleged and incorporated herein.

28.     Defendants violated section 4c(a) of the Act, 7 U.S.C. 6c(a), (2002), by entering into a transaction that is of the character of or is commonly known to the trade as, a 'wash sale' or 'accommodation trade' or is a fictitious sale involving the purchase or sale of a commodity for

future delivery which transaction was used or may have been used to hedge any transaction in interstate commerce in the commodity or the product or byproduct of the commodity; or to determine the price basis of any such transaction in interstate commerce in the commodity; or to deliver any such commodity sold, shipped, or received in interstate commerce for the execution of the transaction.

29.     Each transaction entered into by the Defendants, including but not limited to those specifically alleged herein, is alleged as a separate and distinct violation of Section 4c(a) of the Act, 7 U.S.C. § 6c(a) (2002).

## COUNT II - Violations by Defendants of Commission Regulation 1.38(a)

30.     Paragraphs 1 through 29 are re-alleged and incorporated herein.

31.     Commission Regulation 1.38(a), 17 C.F.R. § 1.38(a) (2006), requires that all purchases and sales of commodity futures contracts be executed "openly and competitively."

32.     Defendants violated Commission Regulation 1.38(a), 17 C.F.R. § 1.38(a) (2006), by engaging in a series of improper noncompetitive commodity futures transactions.

33.     Each transaction entered into by the Defendants, including but not limited to those specifically alleged herein, is alleged as a separate and distinct violation of Commission Regulation 1.38(a), 17 C.F.R. § 1.38(a) (2006).

## VI.     RELIEF REQUESTED

WHEREFORE, the Commission respectfully requests that this Court, as authorized by Section 6c of the Act, 7 U.S.C. § 13a-1 (2002), and pursuant to the Court's own equitable powers:

A.     Find that Defendants violated Section 4c(a) of the Act, 7 U.S.C. § 6c(a) (2002) and Commission Regulation 1.38(a), 17 C.F.R. § 1.38(a) (2006);

B.     Enter an *ex parte* statutory restraining order and an order of preliminary injunction restraining and enjoining Defendants, and any successors thereof, and all persons insofar as they are acting in the capacity of their agents, servants, successors, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with them who receive actual notice of such order by personal service or otherwise, from directly or indirectly:

    1.     destroying, mutilating, concealing, altering or disposing of any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of Defendants, wherever located, including all such records concerning Defendants' business operations;

    2.     refusing to permit authorized representatives of the Commission to inspect, when and as requested, any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of Defendants, wherever located, including all such records concerning Defendants' business operations; and

    3.     withdrawing, transferring, removing, dissipating, concealing, or disposing of, in any manner, any funds, assets, or other property, wherever situated, including but not limited to, all funds, personal property, money or securities held in safes, safety deposit boxes and all funds on deposit in any financial institution, bank or savings and loan account held by, under the control, or in the name of any of the Defendants;

C.     Enter orders of preliminary and permanent injunctions prohibiting Defendants and any other person or entity associated with them, including any successor thereof, from:

    1.     engaging in conduct in violation of Section 4c(a) of the Act, 7 U.S.C. § 6c(a) (2002), and Commission Regulation 1.38(a), 17 C.F.R. § 1.38(a) (2006);

    2.     trading on or subject to the rules of any registered entity, as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29) (2002);

    3.     engaging in, controlling or directing the trading for any commodity interest account for or on behalf of any other person or entity, whether by power of attorney or otherwise;

    4.     soliciting or accepting any funds from any person in connection with the purchase or sale of any commodity interest;

5.    applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9) (2006), or acting as a principal, agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9) (2006);

6.    entering into any commodity interest transactions for their own personal accounts, for any account in which they have a direct or indirect interest and/or having any commodity interests traded on their behalf; and/or

7.    engaging in any business activities related to commodity interest trading;

D.    Enter an order directing Defendants, and any successors thereof, to provide Plaintiff immediate and continuing access to their books and records;

E.    Enter an order directing Defendants, and any successors thereof, to take such steps as are necessary to repatriate to the territory of the United States all funds and assets which are held by Defendants, and any successors thereof, or are under their direct or indirect control, jointly or singly, and deposit such funds into the Registry of this Court and provide the Commission and the Court with a written description of the funds and assets so repatriated;

F.    Enter an order directing Defendants, and any successors thereof, to disgorge, pursuant to such procedure as the Court may order, all benefits received including, but not limited to, salaries, commissions, loans, fees, revenues and trading profits derived, directly or indirectly, from acts or practices which constitute violations of the Act and Commission Regulations as described herein, including pre-judgment interest thereon from the date of such violations;

G.    Enter an order directing Defendants, and any successors thereof, to make full restitution to every investor whose funds were received by them as a result of acts and practices which constituted violations of the Act and Regulations, as described herein, and interest thereon from the date of such violations;

H.    Enter an order assessing a civil monetary penalty against each defendant, and any successors thereof, in the amount of not more than the higher of $130,000 or triple the monetary gain to the defendant for each violation by the defendant of the Act and Commission Regulations;

I.    Enter an order directing that Defendants, and any successors thereof, make an accounting to the court of all their assets and liabilities, together with all funds they received from and paid to clients and other persons in connection with commodity futures transactions or purported commodity futures transactions, and all disbursements for any purpose whatsoever of funds received from commodity transactions, including salaries, commissions, interest, fees, loans and other disbursements of money and property of any kind, from, but not limited to, March 1, 2007 through and including the date of such accounting;

J.    Enter an order requiring Defendants, and any successors thereof, to pay costs and fees as permitted by 28 U.S.C. §§ 1920 and 2412(a)(2) (2002); and

K.    Order such other and further remedial ancillary relief as the Court may deem appropriate.

Dated:  New York, NY
        April 5, 2007

U.S. COMMODITY FUTURES TRADING COMMISSION

Stephen J. Obie
Regional Counsel

By: _____
    Sheila L. Marhamati [SM-8016]
    Trial Attorney
    Manal Sultan [MS-8068]
    Chief Trial Attorney
    David Acevedo [DA-0388]
    Chief Trial Attorney
    Division of Enforcement
    U.S. Commodity Futures Trading Commission
    Eastern Regional Office
    140 Broadway, 19th Floor
    New York, NY 10005
    Phone (646) 746-9743
    Fax (646) 746-9939
    smarhamati@cftc.gov