USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 5/4/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. Commodity Futures Trading Commission,

Plaintiff,

v.

Supama International DMCC,
Naresh Kumar Jain,
Aaristo Commodities and Futures DMCC,
Kanta Nath Jain, and
Hainke & Anderson Trading LLC,
Defendants.

07 CV 2770 (RJH)

**ECF Case**

**CONSENT ORDER OF PRELIMINARY INJUNCTION AGAINST DEFENDANT AARISTO COMMODITIES AND FUTURES DMCC**

Plaintiff U.S. Commodity Futures Trading Commission ("Commission") and Defendant Aaristo Commodities and Futures DMCC ("Defendant" or "Aaristo") consent to the entry of this Order for Preliminary Injunction ("Order") without an adjudication of the merits on any issue of fact or law, without waiving any privileges under the United States Constitution or any other rights or privileges, and without admitting or denying the allegations of the Complaint filed in this action except as to venue and the Court's jurisdiction over the Defendant for the purposes of this Order and except as set forth in Aaristo's Answer to the Complaint. The Court having considered all pleadings, memoranda, declarations, and other exhibits filed with the Court, and now being fully advised in the matter, for purposes of this Order and without prejudice to further application by any party, finds:

1. This Court has jurisdiction over the subject matter of this case pursuant to Section 6c of the Commodity Exchange Act, 7 U.S.C. § 13a-1 (2002), as amended by the Commodity Futures Modernization Act (2000) ("Act"), and over the Defendant for purposes of this Order.

2. The Commission has made a proper showing for a preliminary injunction pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002), and Aaristo without admitting or denying the Commission's substantive showing, consents to the relief herein.

**DEFINITIONS**

For the purposes of this Order, the following definitions apply:

3. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, contracts, insurance policies, and all cash, wherever located, whether in the United States or abroad.

4. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

5. "Man" refers to Man Financial Inc. and includes all of the predecessors, successors, business units, divisions, affiliates, subsidiaries, officers and directors, employees, and agents of those entities.

6. "Aaristo" or "Defendant" refers to Aaristo Commodities and Futures DMCC and includes all of its officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

## I. *Prohibition from Violating the Act*

**IT IS HEREBY ORDERED** that Defendant, except as otherwise ordered by this Court, is preliminarily enjoined and restrained from directly or indirectly:

A. Entering into a transaction that is of the character of or is commonly known to the trade as, a 'wash sale' or 'accommodation trade' or is a fictitious sale involving the purchase or sale of a commodity for future delivery which transaction was used or may have been used to hedge any transaction in interstate commerce in the commodity or the product or byproduct of the commodity; or to determine the price basis of any such transaction in interstate commerce in the commodity; or to deliver any such commodity sold, shipped, or received in interstate commerce for the execution of the transaction in violation of section 4c(a) of the Commodity Exchange Act ("Act"), 7 U.S.C. 6c(a) (2002); and

B. Entering into illegal noncompetitive transactions to buy and sell futures contracts in violation of Commission Regulation 1.38(a), 17 C.F.R. § 1.38(a) (2006).

## II. *Asset Freeze*

**IT IS HEREBY ORDERED** that Defendant, except as otherwise ordered by this Court, and subject to Paragraph III. B. below, is preliminarily enjoined and restrained from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning,

assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets up to $800,000 held at Man.

## III. *Identification and Preservation of Assets*

**IT IS FURTHER ORDERED**, pending further order of this Court that Man shall:

A. Prohibit Defendant and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any account or asset up to $800,000 titled in the name of, held for the benefit of, or otherwise under the control of the Defendant, except as directed by further order of the Court;

B. Defendant Aaristo is hereby permitted to withdraw, transfer and use all funds in its Man accounts in excess of $800,000 as Defendant determines;

C. Provide counsel for the Commission, within ten (10) business days of receiving a copy of this Order, a statement setting forth:

(1) the identification number of each such account or asset titled in the name, individually or jointly, of the Defendant or held on behalf of, or for the benefit of the Defendant, or under the control of the Defendant;

(2) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, the name of the person or entity to whom such account or other asset was remitted; and

(3) the identification of any safe deposit box that is either titled in the name, individually or jointly, of Defendant, or is otherwise subject to access by Defendant;

D. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

E. Cooperate with all reasonable requests of the Commission relating to implementation of this Order, including transferring funds at the Commission's direction and producing records related to Defendant's accounts.

### IV. *Maintenance of and Access to Business Records*

**IT IS HEREBY ORDERED** that Defendant and all persons or entities who receive notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business finances of Defendant.

### V. *Service of Order*

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail or a private express courier service, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendant or that may be subject to any provision of this Order.

### VI. *Service on the Commission*

**IT IS FURTHER ORDERED** that Defendant shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to

Sheila L. Marhamati, Trial Attorney, Division of Enforcement, U.S. Commodity Futures Trading Commission, Eastern Regional Office, 140 Broadway, 19th Floor, New York, New York 10005.

VII. *Expedited Discovery*

**IT IS FURTHER ORDERED** that the Commission and the Defendant are granted leave, at any time after service of this Order, to take the depositions of and demand the production of documents from any person or entity for the purpose of discovering the nature, location, status, and extent of assets of Defendant, and the location of documents reflecting the business transactions of Defendant; fifteen (15) days notice shall be deemed sufficient for the production of any such documents and depositions.

VIII. *Force and Effect of Order*

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

## IX. *Execution of Order*

**IT IS FURTHER ORDERED** that this Consent Order may be executed in separate counterparts.

*************************************************************************************

**SO AGREED** on this 3rd day of May, 2007.

**U.S. Commodity Futures Trading Commission**

Stephen J. Obie
Regional Counsel

By: S. Marhamati

Sheila L. Marhamati [SM-8016]
Trial Attorney
Manal Sultan [MS- 8068]
Chief Trial Attorney
David Acevedo [DA-0388]
Chief Trial Attorney
Division of Enforcement
U.S. Commodity Futures Trading Commission
Eastern Regional Office
140 Broadway, 19th Floor
New York, NY 10005
Phone (646) 746-9743
Fax (646) 746-9939
smarhamati@cftc.gov

**Aaristo Commodities and Futures DMCC**

Sidley Austin LLP
Counsel for Defendant
Aaristo Commodities and Futures DMCC

By: [signature]

Barry W. Rashkover, Esq. [BR-6413]
Michael S. Sackheim, Esq. [MS-0611]
Donald P. Renaldo, II, Esq. [DR-2788]
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Phone (212) 839-5300
Fax (212) 839-5599
brashkover@sidley.com

**SO ORDERED**, this 3rd day of May, 2007.

[signature]
U.S. District Court Judge