

**U.S. COMMODITY FUTURES TRADING COMMISSION**
140 Broadway
New York, New York 10005
Telephone: (646) 746-9733
Facsimile: (646) 746-9940



Division of
Enforcement

March 25, 2008

**BY FACSIMILE**
Honorable Richard Holwell
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/2/08

Re: *CFTC v. Supama International DMCC, et al.*, 07 CV 2770 (RJH)

Your Honor:

    I write on behalf of Plaintiff U.S. Commodity Futures Trading Commission ("Commission") in the above-captioned matter. I write to inform the Court that the Commission and Defendant Aaristo Commodities and Futures DMCC have agreed to a proposed consent order of permanent injunction, a copy of which is included with this letter for the Court's review and consideration. I also filed the proposed consent order electronically with the Orders and Judgments Clerk today.

    Thank you for your attention to and consideration of this matter.

Respectfully submitted,

*S. Marhamati*

Sheila L. Marhamati [SM-8016]
Senior Trial Attorney

cc:   Barry W. Rashkover, Esq.               Kenneth B. Falk, Esq.
      Michael S. Sackheim, Esq.             Jaffe & Falk, LLC
      Sidley Austin LLP                       Counsel for Defendant Supama
         Counsel for Defendant Aaristo      International DMCC
         Commodities and Futures DMCC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------
U.S. Commodity Futures Trading Commission,   )
                                              )
                    Plaintiff,                )     07 CV 2770 (RJH)
                                              )
            v.                                )     ECF Case
                                              )
Supama International DMCC,                    )
Naresh Kumar Jain,                            )
Aaristo Commodities and Futures DMCC,         )
Kanta Nath Jain, and                          )
Hainke & Anderson Trading LLC,                )
                    Defendants.               )
                                              )
---------------------------------------------------------

### CONSENT ORDER OF PERMANENT INJUNCTION AND
### CIVIL MONETARY PENALTY
### AGAINST DEFENDANT AARISTO COMMODITIES AND FUTURES DMCC

On April 5, 2007, Plaintiff, U.S. Commodity Futures Trading Commission ("Commission"), filed a Complaint against Supama International DMCC, Naresh Kumar Jain, Aaristo Commodities and Futures DMCC ("Aaristo"), Kanta Nath Jain, and Hainke & Anderson Trading LLC (collectively, "Defendants") seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 et seq. (2002), and the Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1.1 et seq. (2006). The Court entered an *ex parte* statutory restraining order on April 5, 2007 that, among other things, froze all assets held by Defendants at Man Financial Inc ("Man") and ordered the maintenance of and access to business records. On May 3, 2007, the Court entered a consent order of preliminary injunction against Aaristo, which, among other things, froze up to $800,000 of Aaristo's assets held at Man.

## I. CONSENTS AND AGREEMENTS

To effect settlement of the matters alleged in the Complaint against Aaristo without a trial on the merits and without any further judicial proceedings, Aaristo:

1. Consents to the entry of this Consent Order of Permanent Injunction, Civil Monetary Penalty, and Other Equitable Relief against Defendant Aaristo Commodities and Futures DMCC ("Order").

2. Affirms that Aaristo has read this Order and agrees to this Order voluntarily and that no promises or threats have been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Order, other than as set forth specifically herein.

3. Acknowledges service of the Summons and Complaint.

4. Admits that this Court has jurisdiction over Aaristo, admits that this Court has subject matter jurisdiction over this action, and admits that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002).

5. Waives:

   a. all claims that Aaristo may possess under the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504 (2000) and 28 U.S.C. § 2412 (2000) and Part 148 of the Regulations, 17 C.F.R. § 148.1, et seq. (2006), relating to, or arising from, this action;

   b. any claim of double jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and

   c. all rights of appeal in this action.

6. By consenting to the entry of this Order, Aaristo neither admits nor denies the allegations of the Complaint or the Findings of Fact and Conclusions of Law contained in this

2

Order, except as to jurisdiction and venue, which Aaristo admits. Aaristo does not consent to the use of this Order, or the Findings of Fact and Conclusions of Law, as the sole basis for any other proceeding brought by or involving the Commission, other than in a proceeding (i) in bankruptcy relating to Aaristo, or (ii) to enforce the terms of this Order. Solely with respect to any such proceeding in bankruptcy or to enforce the terms of this Order, Aaristo agrees that the allegations of the Complaint and the Findings of Fact and Conclusions of Law in this Order shall be taken as true and be given preclusive effect without further proof. Furthermore, Aaristo shall also provide immediate notice to this Court and to the Commission by certified mail of any bankruptcy proceeding filed by, on behalf of, or against Aaristo, and of any change of address.

7. Agrees that neither Aaristo nor any of its agents, servants, employees, contractors, representatives or attorneys acting under its authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation of the Complaint or findings of fact or conclusions of law in this Order, or creating, or tending to create, the impression that the Complaint or this Order is without a factual basis; provided, however, that nothing in this provision shall affect Aaristo's (i) testimonial obligations; or (ii) right to take legal, factual or equitable positions in other proceedings to which the Commission is not a party. Aaristo shall take all necessary steps to ensure that all of its agents, servants, employees, contractors, representatives under its authority or control, and attorneys understand and comply with this agreement.

8. Consents to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Order and for any other purpose relevant to this case.

9. No provision of this Order shall in any way limit or impair the ability of any person, including third-party beneficiaries, to seek any legal or equitable remedy against Aaristo

3

or any other person in any other proceeding, including any current or subsequent bankruptcy proceeding.

10.     The Court, being fully advised of the facts, finds that there is good cause for the entry of this Order and that there is no just reason for delay. The Court, therefore, directs the entry of findings of fact, conclusions of law, a permanent injunction and ancillary equitable relief pursuant to § 6c of the Act, 7 U.S.C. § 13 a-1 (2002), as set forth herein.

## II.     FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.     Findings of Fact

1.      The Commission is an independent federal regulatory agency charged with the responsibility of administering and enforcing the provisions of the Act and Regulations promulgated thereunder.

2.      Aaristo is a United Arab Emirates corporation with offices located at Office Number 207, Second Floor, Plot number 113-319, Al Dhagaya, Al Sabkha Road, Deira, P.O. Box. No. 5404, Dubai, United Arab Emirates. Govind Kumar is a Director of Aaristo. Prakash Jalan is an Executive Officer of Aaristo.

3.      On at least six trading days in March and April 2007, an employee of Aaristo engaged in a series of futures transactions offered by the New York Mercantile Exchange ("NYMEX") on the Chicago Mercantile Exchange Globex electronic trading platform ("Globex") whereby said Aaristo employee traded in illiquid, distant contracts opposite others at off-the-market prices so that the effect was no net change in open positions of Aaristo but a resulting profit to Aaristo and a loss to the counterparties – a money pass among Aaristo's accounts and its counterparties' accounts.

4

4.  Aaristo, through its conduct as described in the Complaint, profited and its counterparties incurred losses with no change in open positions held by Aaristo or its counterparties.

**B.  Conclusions of Law**

1.  With the aforementioned practices, Aaristo violated Section 4c(a) of the Act, 7 U.S.C. 6c(a) (2002), and Regulation 1.38(a), 17 C.F.R. § 1.38(a) (2006).

2   This Court has subject matter jurisdiction over this action and the allegations in the Complaint pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002).

3.  This Court has personal jurisdiction over Aaristo pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002).

4.  Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002).

5.  There is good cause for entry of an order permanently enjoining Aaristo from engaging in future violations of Section 4c(a) of the Act, 7 U.S.C. 6c(a) (2002), and Regulation,1.38(a), 17 C.F.R. § 1.38(a) (2006), and requiring Aaristo to pay a civil monetary penalty in the amount of $100,000.

### III.   ORDER FOR PERMANENT INJUNCTION

**IT IS THEREFORE ORDERED THAT:**

1.  Aaristo is permanently restrained, enjoined and prohibited from directly or indirectly:

   a.  Offering to enter into, entering into, or confirming the execution of a transaction that is, is of the character of, or is commonly known to the trade as, a 'wash sale' or 'accommodation trade'; or is a fictitious sale; or is used to cause any price to be reported, registered, or recorded that is not a true and bona fide price, when such transaction involves the purchase or sale of a

        commodity for future delivery (or any option on such a transaction or option on a commodity) if the transaction is used or may be used to—

        (A) hedge any transaction in interstate commerce in the commodity or the product or byproduct of the commodity;

        (B) determine the price basis of any such transaction in interstate commerce in the commodity; or

        (C) deliver any such commodity sold, shipped, or received in interstate commerce for the execution of the transaction

        in violation of Section 4c(a) of the Act, 7 U.S.C. 6c(a) (2002); and/or

    b. Entering into transactions to buy and sell any commodity for future delivery, or any commodity option, on or subject to the rules of a contract market where the execution is not open and competitive by open outcry or posting of bids and offers or by equally open and competitive methods, in the trading pit or ring or similar place provided by the contract market for trading in such commodity or commodity option, unless such transactions are executed noncompetitively in accordance with written rules of the contract market which have been submitted to and approved by the Commission, specifically providing for the noncompetitive execution of such transactions, in violation of Regulation 1.38(a), 17 C.F.R. § 1.38(a) (2006).

    2.    The injunctive provisions of this Order shall be binding on Aaristo, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of Aaristo, and upon any person who receives actual notice of this Order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation with Aaristo.

### IV.    ORDER FOR CIVIL MONETARY PENALTY

**IT IS FURTHER ORDERED THAT:**

    1.    <u>Civil Monetary Penalty</u>: Aaristo shall pay a civil monetary penalty of $100,000, plus post-judgment interest, within ten (10) days of the date of the entry of this Order. Post-judgment interest shall accrue beginning on the eleventh day after the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this

Order pursuant to 28 U.S.C. § 1961. Aaristo shall pay this civil monetary penalty by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, Aaristo shall make the payment payable to the U.S. Commodity Futures Trading Commission, and send to the following address:

>  U.S. Commodity Futures Trading Commission
>  Division of Enforcement
>  ATTN: Marie Bateman - AMZ-300
>  DOT/FAA/MMAC
>  6500 S. Macarthur Blvd.
>  Oklahoma City, OK 73169
>  Telephone: 405-954-6569

If the payment is to be made by electronic funds transfer, Aaristo shall contact Marie Bateman, or her successor, at the above address to receive payment instructions and shall fully comply with those instructions. Aaristo shall accompany the payment of the penalty with the cover of a letter that identifies Aaristo and the name and docket number of this proceeding. Aaristo shall simultaneously transmit copies of the cover letter and the form of payment to (1) Regional Counsel, U.S. Commodity Futures Trading Commission, Eastern Regional Office, 140 Broadway, 19th Floor, New York, NY 10005 and (2) Director, Division of Enforcement, U.S. Commodity Futures Trading Commission, 1155 21st Street, NW, Washington, D.C. 20581, and Chief, Office of Cooperative Enforcement, Division of Enforcement at the same address.

2.   Partial Payments: Any acceptance by the Commission of partial payment of Aaristo's civil monetary penalty obligation shall not be deemed a waiver of Aaristo's requirement to make further payments pursuant to this Order or a waiver of the Commission's right to seek to compel payment of any remaining balance.

7

3.  <u>Notices</u>:  All notices required to be given by any provision in this Order shall be sent by certified mail, return receipt requested, addressed as follows:

> Notice to Commission:
>
> Regional Counsel
> Division of Enforcement – Eastern Regional Office
> U.S. Commodity Futures Trading Commission
> 140 Broadway, 19th Floor
> New York, NY 10005
>
> Notice to Defendant:
>
> Aaristo Commodities and Futures DMCC
> c/o Sidley Austin LLP
> 787 Seventh Avenue
> New York, NY 10019

4.  <u>Entire Agreement and Amendments</u>:  This Order incorporates all of the terms and conditions of the settlement between the Commission and Aaristo. Nothing shall serve to amend or modify this Order in any respect whatsoever, unless (1) reduced to writing; (2) signed by all parties hereto; and (3) approved by order of this Court.

5.  <u>Successors and Assigns</u>:  This Order shall inure to the benefit of and be binding on the parties' successors, assigns, heirs, beneficiaries, and administrators.

6.  <u>Authority</u>:  Prakash Jalan hereby warrants that he is an Executive Officer of Aaristo and that this Order has been duly authorized by Aaristo and he has been duly empowered to sign and submit it on behalf of Aaristo.

7.  <u>Partial Lifting of Freeze</u>:  Notwithstanding any order entered in this proceeding freezing Aaristo's assets and/or prohibiting Aaristo's transfer of funds or other property, Aaristo shall be permitted to use such assets, funds, or property to satisfy its civil monetary penalty obligation as set forth in Part IV.1, above.

8. <u>Lifting of Freeze</u>:   Upon full satisfaction by Aaristo of its civil monetary penalty obligation as set forth in Part IV.1, above, any order entered in this proceeding freezing Aaristo's assets and/or prohibiting Aaristo's transfer of funds or other property shall terminate and come to an end.

9. This Order shall remain in effect until further order of the Court, and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

10. There being no just cause for delay, the Clerk of the Court shall enter judgment against Aaristo forthwith and without further notice.

**IT IS SO ORDERED.**

Dated: **3/25/08**

_____
UNITED STATES DISTRICT JUDGE

9

CONSENTED TO AND APPROVED BY:
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| U.S. Commodity Futures Trading Commission | Aaristo Commodities and Futures DMCC |
|---|---|
| Stephen J. Obie<br>Regional Counsel | Sidley Austin LLP<br>Counsel for Defendant<br>Aaristo Commodities and Futures DMCC |
| By: /s/ S. Marhamati<br>Sheila L. Marhamati [SM-8016]<br>Senior Trial Attorney<br>Michael R. Berlowitz [MB-7615]<br>Senior Trial Attorney<br>Manal Sultan [MS- 8068]<br>Chief Trial Attorney<br>David Acevedo [DA-0388]<br>Chief Trial Attorney<br>Division of Enforcement<br>U.S. Commodity Futures Trading Commission<br>Eastern Regional Office<br>140 Broadway, 19th Floor<br>New York, NY 10005<br>Phone (646) 746-9743<br>Fax (646) 746-9939<br>smarhamati@cftc.gov | By: /s/<br>Barry W. Rashkover, Esq. [BR-6413]<br>Michael S. Sackheim, Esq. [MS-0611]<br>Sidley Austin LLP<br>787 Seventh Avenue<br>New York, NY 10019<br>Phone (212) 839-5300<br>Fax (212) 839-5599<br>brashkover@sidley.com<br><br>By: /s/<br>Prakash Jalan<br>Executive Officer<br>Aaristo Commodities and Futures DMCC |

10