```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/20/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| Commodity Futures Trading Commission, | 07 CV 2770 (RJH) |
| Plaintiff, | ECF Case |
| v. | **Order For Entry of Judgments by Default with Injunctive Relief, Civil Monetary Penalties, and Ancillary Equitable Relief Against Defendants Naresh Kumar Jain, Kanta Nath Jain, and Hainke & Anderson Trading LLC** |
| Suparna International DMCC, Naresh Kumar Jain, Aaristo Commodities and Futures DMCC, Kanta Nath Jain, and Hainke & Anderson Trading LLC, | |
| Defendants. | |

On April 5, 2007, the Commodity Futures Trading Commission ("Commission") filed a Complaint charging Defendants Naresh Kumar Jain ("Naresh"), Kanta Nath Jain ("Kanta"), Hainke & Anderson Trading LLC ("Hainke") (collectively, "Defendants"), and others with violating Section 4c(a) of the Commodity Exchange Act ("Act"), 7 U.S.C. 6c(a) (2002), and Commission Regulation 1.38(a), 17 C.F.R. § 1.38(a) (2006).

On April 5, 2007, the Court signed an *ex parte* statutory restraining order which, among other things, authorized the freezing of Naresh, Kanta, and Hainke's accounts held at Man Financial Inc.

On April 5, 2007, Defendants were properly served with the Complaint pursuant to Rules 4(e)(2)(C) and 4(h)(1)(B) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Defendants failed to appear or answer the Complaint within the time permitted by Rule 12(a)(1) of the Fed. R. Civ. P. Accordingly, on June 18, 2007, the Clerk of this Court entered certificates of default against Defendants for this Complaint.

The Commission has now submitted its Motion for Entry of Judgments by Default with Injunctive Relief, Civil Monetary Penalties, and Ancillary Equitable Relief Against Defendants Naresh Kumar Jain, Kanta Nath Jain, and Hainke & Anderson Trading LLC ("Motion") pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2(b). The Court has carefully considered the Complaint, the allegations of which are well-pleaded and hereby taken as true, the Motion, and other written submissions of the Commission filed with the Court, and being fully advised, hereby:

**GRANTS** the Commission's Motion against Defendants and enters findings of fact and conclusions of law relevant to the allegations in the Complaint. The Court further grants the Commission's request for entry of default judgments, injunctive relief, civil monetary penalties and ancillary equitable relief. Accordingly, the Court now issues the following Order For Entry of Judgments by Default with Injunctive Relief, Civil Monetary Penalties, and Ancillary Equitable Relief Against Defendants Naresh Kumar Jain, Kanta Nath Jain, and Hainke & Anderson Trading LLC ("Order").

## I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Jurisdiction and Venue

1. This Court has jurisdiction over the subject matter of this action and Defendants pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1, in that Defendants were found in, inhabited, or transacted business in this district, and/or

the acts and practices in violation of the Act occurred within this district, among other places, and Defendants benefited from these acts and practices.

**B.     Findings of Fact**

1.      Naresh Kumar Jain is an Indian national residing in Dubai, United Arab Emirates. Naresh owns a United Arab Emirates entity named Kumar Trading Co. LLC, which has the same address as the employer of Kanta, Jayna Trading Co. LLC.

2.      Kanta Nath Jain is an Indian national residing in Dubai, United Arab Emirates. Kanta is Managing Director of Jayna Trading Co. LLC located in Dubai, United Arab Emirates.

3.      Hainke & Anderson Trading LLC is a United Arab Emirates entity with offices located in Dubai, United Arab Emirates. Pankaj Jain is Managing Director of Hainke.

4.      Defendants engaged in a series of illegal commodity futures transactions on New York Mercantile Exchange ("NYMEX") and Commodity Exchange ("COMEX") markets involving back-month, illiquid contracts fast-matched at off-the-market prices during an unusual time of day.

5.      On several trading days in March and April 2007, Defendants engaged in a series of copper, gold, crude oil, and natural gas futures transactions offered by NYMEX on the Chicago Mercantile Exchange Globex electronic trading platform ("Globex") whereby they traded in illiquid, distant contracts opposite one another at off-market prices so that the effect was no net change in open positions of the Defendants but a resulting profit to one Defendant and a loss to another Defendant – a money pass among Defendants' accounts.

6.      Specifically, on at least three trading days in March 2007, Naresh engaged in a series of futures transactions offered by NYMEX on Globex whereby Naresh repeatedly traded

opposite defendant Supama International DMCC ("Supama"), resulting in $164,680 in profits to Supama's accounts and the same amount of losses to Naresh's accounts.

7. Naresh engaged in the following pattern of trading activity repeatedly: Naresh sold commodity futures contracts at low prices to Supama and immediately bought them back from Supama at higher prices.

8. In each series of offsetting transactions, Supama profited and Naresh incurred a loss with no change in open positions held by Naresh and Supama.

9. Over the course of these trading days, Supama profited by approximately $164,680, and Naresh lost approximately $164,680.

10. Further, on at least six trading days in March and April 2007, Hainke engaged in a series of futures transactions offered by NYMEX on Globex whereby Hainke repeatedly traded opposite defendant Aaristo Commodities and Futures DMCC ("Aaristo"), resulting in $138,440 in profits to Aaristo's accounts and the same amount of losses to Hainke's accounts with no change in open positions held by Hainke and Aaristo.

11. Hainke engaged in the following pattern of trading activity repeatedly: Hainke sold commodity futures contracts at low prices to Aaristo and immediately bought them back from Aaristo at higher prices.

12. In each series of offsetting transactions, Aaristo profited and Hainke incurred a loss with no change in open positions held by Hainke and Aaristo.

13. Over the course of these trading days, Aaristo profited by approximately $138,440 and Hainke lost approximately $138,440.

14. Moreover, on at least one trading day in March 2007, Kanta engaged in a series of futures transactions offered by NYMEX on Globex whereby Kanta repeatedly traded opposite

Aaristo, resulting in $58,925 in profits to Aaristo's accounts and the same amount of losses to Kanta's accounts with no change in open positions held by Kanta and Aaristo.

15. Kanta engaged in the following pattern of trading activity repeatedly: Kanta sold commodity futures contracts at low prices to Aaristo and immediately bought them back from Aaristo at higher prices.

16. In each series of offsetting transactions, Aaristo profited and Kanta incurred losses with no change in open positions held by Kanta and Aaristo.

17. Over the course of at least one trading day in March 2007, Aaristo profited by approximately $58,925, and Kanta lost approximately $58,925.

18. Defendants did not execute these transactions in accordance with the written rules of NYMEX.

19. The transactions described herein involved back-month, illiquid contracts fast-matched at off-the-market prices during an unusual time of day and resulted in the transfer of hundreds of thousands of dollars among the Defendants' trading accounts with no ultimate change in their trading positions.

## C. Conclusions of Law

1. With the aforementioned practices, Defendants violated section 4c(a) of the Act, 7 U.S.C. 6c(a), (2002), by entering into a transaction that is of the character of or is commonly known to the trade as, a 'wash sale' or 'accommodation trade' or is a fictitious sale involving the purchase or sale of a commodity for future delivery which transaction was used or may have been used to hedge any transaction in interstate commerce in the commodity or the product or byproduct of the commodity; or to determine the price basis of any such transaction in interstate

commerce in the commodity; or to deliver any such commodity sold, shipped, or received in interstate commerce for the execution of the transaction.

2. With the aforementioned practices, Defendants violated Commission Regulation 1.38(a), 17 C.F.R. § 1.38(a) (2006), by engaging in a series of improper noncompetitive commodity futures transactions.

3. This Court has subject matter jurisdiction over this action and the allegations in the Complaint pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002).

4. This Court has personal jurisdiction over Defendants pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002).

5. Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002).

6. Permanent injunctive relief is warranted in light of the egregious nature of Defendants' illegal transactions as well as their high level of scienter in participating in this well-planned scheme to systematically engage in noncompetitive fictitious transactions. These facts demonstrate a reasonable likelihood of future violations.

7. Imposition of civil monetary penalties is appropriate in this case as Defendants' violations of the Act were intentional.

## II. ORDER FOR RELIEF

A. **Permanent Injunctions**

**IT IS HEREBY ORDERED** that:

1. Defendants are permanently restrained, enjoined and prohibited from directly or indirectly

a. Offering to enter into, entering into, or confirming the execution of a transaction that is, is of the character of, or is commonly known to the trade as, a 'wash sale' or 'accommodation trade'; or is a fictitious sale; or is used to cause any price to be reported, registered, or recorded that is not a true and bona fide price, when such transaction involves the purchase or sale of a commodity for future delivery (or any option on such a transaction or option on a commodity) if the transaction is used or may be used to—

   (A) hedge any transaction in interstate commerce in the commodity or the product or byproduct of the commodity;

   (B) determine the price basis of any such transaction in interstate commerce in the commodity; or

   (C) deliver any such commodity sold, shipped, or received in interstate commerce for the execution of the transaction

   in violation of Section 4c(a) of the Act, 7 U.S.C. 6c(a) (2002); and/or

b. Entering into transactions to buy and sell any commodity for future delivery, or any commodity option, on or subject to the rules of a contract market where the execution is not open and competitive by open outcry or posting of bids and offers or by equally open and competitive methods, in the trading pit or ring or similar place provided by the contract market for trading in such commodity or commodity option, unless such transactions are executed noncompetitively in accordance with written rules of the contract market which have been submitted to and approved by the Commission, specifically providing for the noncompetitive execution of such transactions, in violation of Regulation 1.38(a), 17 C.F.R. § 1.38(a) (2006).

2. Defendants are further permanently restrained, enjoined and prohibited from engaging directly or indirectly in any activity related to trading in any commodity, as that term is defined in Section 1a(4) of the Act, 7 U.S.C. § 1a(4), ("commodity interest"), including but not limited to the following:

   A. Trading on or subject to the rules of any registered entity, at that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29);

   B. Engaging in, controlling or directing the trading for any commodity interest account for or on behalf of any other person or entity, whether by power of attorney or otherwise;

   C. Soliciting, receiving, or accepting any funds from any person in connection with the purchase or sale of any commodity interest contract;

D. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9) (2004), or acting as a principal, agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9) (2004);

E. Entering into any commodity interest transactions for their own personal accounts, for any account in which they have a direct or indirect interest and/or having any commodity interests traded on their behalves; and/or

F. Engaging in any business activities related to commodity interest trading.

3. Defendants are further permanently restrained, enjoined and prohibited from filing a petition in bankruptcy without providing the Commission with prompt notice by Certified Mail of such filing pursuant to Part II.D.4 of this Order.

4. The injunctive provisions of this Order shall be binding on Defendants, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of Defendants, and upon any person who receives actual notice of this Order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation with Defendants.

## B. Civil Monetary Penalties

**IT IS FURTHER ORDERED** that as of the date of this Order, Defendants shall each pay a civil monetary penalty in the amount of $260,000, plus post judgment interest. Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

Defendants shall pay their respective civil monetary penalty obligations by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money

order. If payment is to be made by other than electronic funds transfer, Defendants shall make the payment payable to the Commodity Futures Trading Commission and send to the following address:

>   Commodity Futures Trading Commission
>   Division of Enforcement
>   Attention: Marie Bateman – AMZ-300
>   DOT/FAA/MMAC
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169
>   Telephone: 405-954-6569

If the payment is to be made by electronic funds transfer, the paying Defendant shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany the payment of the penalty with a cover letter that identifies the paying Defendant and the name and docket number of this proceeding.

Defendants shall simultaneously transmit copies of the cover letter and the form of payment to (a) Director, Division of Enforcement, U.S. Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, (b) Chief, Office of Cooperative Enforcement, Division of Enforcement, at the same address, and (c) Regional Counsel, U.S. Commodity Futures Trading Commission, Eastern Regional Office, 140 Broadway, 19th Floor, New York, NY 10005.

Any acceptance by the Commission of partial payment of Defendants' civil monetary penalties shall not be deemed a waiver of the respective requirement to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

### C. Miscellaneous Provisions

**IT IS FURTHER ORDERED THAT:**

1. <u>Prohibition on Transfer of Funds</u>: Defendants shall not transfer or cause others to transfer funds or other property to the custody, possession or control of any other person for the purpose of concealing such funds or property from the Court, the Plaintiff, the Receiver, or any officer that may be appointed by the Court.

2. <u>Partial Lifting of Freeze</u>: Notwithstanding any order entered in this proceeding freezing Defendants' assets and/or prohibiting Defendants' transfer of funds or other property, such assets, funds, or property may be used to satisfy Defendants' civil monetary penalty obligations as set forth in Part II.B above.

3. <u>Lifting of Freeze</u>: Upon full satisfaction by Defendants of their civil monetary penalty obligations as set forth in Part IV.1, above, any order entered in this proceeding freezing Defendants' assets and/or prohibiting Defendants' transfer of funds or other property shall be lifted.

4. <u>Notices</u>: All notices required to be given by any provision in this Order shall be sent by certified mail, return receipt requested, as follows:

Notice to Commission:    Regional Counsel
                         Commodity Futures Trading Commission
                         Division of Enforcement - Eastern Regional Office
                         140 Broadway, 19th Floor
                         New York, New York 10005
                         Phone: (646) 746-9700
                         Fax: (646) 746-9740

All such notices to the Commission shall reference the name and docket number of this proceeding.

5. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this case to assure compliance with this Order and for all other purposes related to this action.

SO ORDERED, at New York, New York on this 20 day of April, 2008.

_____
Honorable Richard J. Holwell
UNITED STATES DISTRICT JUDGE

11